DELBELLO DONNELLAN WEINGARTEN
WISE & WIEDERKEHR, LLP
*Counsel to the Plaintiff*
One N. Lexington Avenue
White Plains, New York 10601
(914) 681-0200
Jonathan S. Pasternak, Esq.
Steven R. Schoenfeld, Esq.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 21st CENTURY ONCOLOGY HOLDINGS, INC., *et al.* | Lead Case No. 17-22770 (RDD) |
| Debtors. | (Jointly Administered) |
| UNITED STATES OF AMERICA EX REL. DAVID DI PIETRO, | |
| Plaintiff, | Adversary Proceeding No. 17- |
| v. | |
| 21st CENTURY ONCOLOGY HOLDINGS, INC., 21st CENTURY ONCOLOGY, INC., and 21ST CENTURY ONCOLOGY, LLC, | |
| Defendants. | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY**
**OF DEBT PURSUANT TO 11 U.S.C. §§ 523(a)(2)(A) AND 1141(d)(6)**

Plaintiff David Di Pietro ("Plaintiff") is the "relator" in a False Claims Act,

or *qui tam*, lawsuit pending in the United States District Court for the Southern

District of Florida entitled *United States ex rel. David Di Pietro v. 21st Century*

*Oncology, Inc., et al.* (Case No. 16 – 60853-CV-KMW) (the "Qui Tam Action"),

1

and alleges on behalf of the United States Government and himself, as and for his complaint against Debtors 21ˢᵗ Century Oncology Holdings, LLC ("Holdings"), 21ˢᵗ Century Oncology, Inc. ("Inc.") and 21ˢᵗ Century Oncology, LLC ("LLC"; and, collectively with Holdings and LLC, the "Defendants") the following:

**PARTIES, JURISDICTION AND VENUE**

1. This is an adversary proceeding governed by Fed. R. Bank. P. 7001, *et seq.*, seeking a declaration that Plaintiff's claims against Debtors to recover statutory damages and civil penalties under the False Claims Act, as amended, 31 U.S.C. §§ 3729-33, are non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 1141(d)(6).

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

4. Venue is proper in this District pursuant to 28 U.S.C. § 1409.

5. The statutory and legal predicates for the relief sought herein are 11 U.S.C. §§ 502, 523 and 1141 and Rules 4004, 4005, 4007 and 7001 of the Federal Rules of Bankruptcy Procedure.

6. Plaintiff is a resident of Broward County, Florida.

7. Defendant Holdings is a Delaware limited liability company with its principal place of business in Lee County, Florida.

8. Defendant Inc. is a Delaware corporation with its principal place of business in Lee County, Florida. It operates approximately 145 cancer treatment centers in 17 states.

9. Defendant LLC is a Florida limited liability company with its principal place of business in Lee County, Florida.

10. On May 25, 2017, the Defendants and their affiliates (collectively, the "Debtors") commenced these cases (the "Chapter 11 Cases") by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in this Court.

11. The Defendants are debtors-in-possession with the capacity to sue and be sued pursuant to 11 U.S.C. §§ 1107 and 1108.

## BACKGROUND

12. On September 9, 2011, Florida Governor Rick Scott appointed Plaintiff to the Broward Health Board of Commissioners.

13. Plaintiff served as a Commissioner of Broward Health from September 9, 2011 until March 18, 2016. He served as Chairman of the Board from October 23, 2013 until March 18, 2016.

14. Under the False Claims Act, a "person may bring a civil action for a violation of [31 U.S.C.] section 3729 <u>for the person and for the United States Government. The action shall be brought in the name of the government</u>." (emphasis added). The person is a *relator*, and the action that the relator brings for the United

3

States Government is called a *qui tam* action.

15. The False Claims Act defines the term "claim" to mean "any request or demand, whether under a contract or otherwise, for money or property and whether or not the United States has title to the money or property, that (i) is presented to an officer, employee, or agent of the United States; or (ii) is made to a contractor, grantee, or other recipient, if the money or property is to be drawn down or used on the Government's behalf or to advance a Government program or interest, and if the United States Government (i) provides or has provided any portion of the money or property requested or demanded; or (ii) will reimburse such contractor, grantee, or other recipient for any portion of the money or property which is requested or demanded…." 31 U.S.C. § 3729(b)(2)(A) (2009).

16. Prior to the commencement of the Chapter 11 Cases, Plaintiff filed the Qui Tam Action against Inc. and John Does in the United States District Court for the Southern District of Florida (the "District Court") to recover moneys wrongfully billed to Federal Healthcare Programs in violation of the Anti-Kickback Statute and the False Claims Act. A copy of the Complaint filed by Plaintiff on April 18, 2016 is attached hereto as <u>Exhibit A</u>, and specifically incorporated as if fully set forth herein.

17. The False Claims Act requires that a complaint commencing a *qui tam* action be filed under seal. 31 U.S.C. § 3730(b)(2). Plaintiff filed the complaint

4

under seal and served a copy of the complaint together with a written disclosure of substantially all the material evidence in support of the claim on the United States Attorney for the Southern District of Florida and the United States Attorney General.

19. Plaintiff intends to file a First Amended Complaint in the Qui Tam Action against Inc., Holdings and LLC and John Does (collectively referred to as "21st Century" or the "21st Century Defendants"). A copy of the First Amended Complaint is attached as Exhibit C[1].

20. As detailed in the First Amended Complaint, 21st Century orchestrated and/or knowingly participated and/or aided and abetted in a fraudulent scheme of illegal kickbacks to control referrals of cancer patients for radiation oncology services at North Broward Hospital District d/b/a Broward Health, one of the largest public healthcare systems in the United States.

21. On September 5, 2017, Plaintiff timely filed with the Bankruptcy Court an unliquidated, general unsecured claim against each of the Defendants (Claim Nos. 2502, 2503 and 2504) (the "Claims"). Each Claim arises from the matters alleged in

---

[1] Plaintiff specifically incorporates the allegations contained in the First Amended Complaint as though same were fully set forth herein.

5

the First Amended Complaint and is asserted for the Plaintiff and for the United States Government.

22. On July 14, 2017, the Defendants and affiliated debtor entities filed their proposed Joint Chapter 11 Plan of Reorganization [ECF No. 205] (the "Plan").

23. On August 13, 2017, the Debtors filed their proposed Disclosure Statement for the Joint Chapter 11 Plan of Reorganization [ECF No. 311] (the "Disclosure Statement"). The Debtors disclosed, *inter alia*, that they (a) have previously been subject to claims under the False Claims Act, (b) have already paid in excess of $54 million to the United States Government to settle certain of those claims, and (c) remain the subject of additional investigations for violations of the False Claims Act and the Stark Law (See, pages 24 -26 of the Disclosure Statement).

24. The Court has scheduled a hearing to consider the adequacy of the Disclosure Statement on October 16, 2017.

25. The Court has not yet scheduled a hearing to consider confirmation of the Plan.

26. 11 U.S.C. § 1141(d)(6) of the Bankruptcy Code provides, in pertinent part, as follows:

> Notwithstanding paragraph (1), the confirmation of a plan does not discharge a debtor that is a corporation from any debt—
> (A) of a kind specified in paragraph (2)(A) or (2)(B) of section 523(a) that is owed to a domestic governmental unit, or owed to a person as the result of an action filed under subchapter III of chapter 37 of title 31 or any similar State statute . . .

27.   Plaintiff/Relator's allegations within the First Amended Complaint that money was obtained by the Defendants, debtors, by false pretenses and false representations, are allegations of debts that are "of a kind specified in section 523(a)(2)(A)." That section excepts from discharge in a debtor's case under, *inter alia*, Chapter 11, those debts "for money, property, services… to the extent obtained by false pretenses, a false representation, or actual fraud…" 11 U.S.C. § 523(a)(2)(A).

28.   Because Plaintiff is prosecuting the Qui Tam Action on behalf of the United States Government, the Defendants' liability in the Qui Tam Action is also a debt "owed to a domestic governmental unit."

29.   Defendants' liability in the Qui Tam Action is both a debt of the kind specified in 11 U.S.C. § 523(a)(2)(A) which is owed to a domestic governmental unit and/or is a debt owed to a person as a result of an action filed under Subchapter III of chapter 37 of title 31 of the United States Code.

30.   Plaintiff has retained the services of counsel and has incurred, and is incurring, legal fees and costs to prosecute the Claims and the Qui Tam Action, respectively.

## COUNT I
## (Determination of Nondischargeability of Claim Under
## 11 U.S.C. Section 523(a)(2)

31. Plaintiff repeats and realleges each of the allegations set forth above as if fully set forth herein.

32. As specifically alleged in the Amended Complaint, Inc. and others acting in concert with it, including but not limited to the Defendants, orchestrated and/or knowingly participated and/or aided and abetted in a fraudulent scheme of illegal kickbacks to control referrals of cancer patients for radiation oncology services at North Broward Hospital District d/b/a Broward Health, one of the largest public healthcare systems in the United States.

33. The debt evidenced by the Claims and the First Amended Complaint was obtained by false pretenses, false representations and/or actual fraud.

34. The Claims are non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

# COUNT II

## (Determination That Confirmation of a Plan Does Not Discharge Claim Pursuant To 11 U.S.C. Section 1141(d)(6)

35. Plaintiff repeats and realleges each of the allegations set forth above as if fully set forth herein.

36. 11 U.S.C. §1141(d)(6) excepts from discharge in a Chapter 11 case, a debt "of a kind specified in paragraph (2)(A) or (2)(B) of section 523(a) that is owed to a domestic governmental unit" and a debt "owed to a person as the result of an action filed under subchapter III of chapter 37 of title 31 or any similar State statute."

37. The Claims represent a debt owed to a domestic governmental unit as specified above and a debt owed to a person as a result of an action filed under the False Claims Act.

38. The Claims are, therefore, excepted from any discharge granted to the Defendants in their Chapter 11 cases pursuant to 11 U.S.C. §1141(d)(6).

**WHEREFORE**, Plaintiff requests the entry of a judgment declaring (1) the Claims are non-dischargeable as against Defendants pursuant to 11 U.S.C. §§ 523(a)(2) and 1141(d)(6), and (2) that Plaintiff's claim for attorneys' fees and costs against the Defendants is also non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2) and 1141(d)(6), and granting such other relief as the Court deems just and proper.

Dated: White Plains, New York
      September 25, 2017

                              DELBELLO DONNELLAN
                              WEINGARTEN WISE & WIEDERKEHR, LLP
                              *Counsel to the Plaintiff*
                              One N. Lexington Avenue
                              White Plains, New York 10601
                              (914) 681-0200


                              By:*/s/ Jonathan S. Pasternak*
                              Jonathan S. Pasternak, Esq.
                              Steven R. Schoenfeld, Esq.